## MUSKINGUM WATERSHED CONSERVANCY DIST v FUNK

Ohio Appeals, 5th Dist, Stark Co

No 1644. Decided Dec 16, 1937

Black, McCuskey, Ruff & Souers, Canton, for appellant.

Amerman & Mills, Canton, for appellee.

STEVENS, PJ, WASHBURN and DOYLE, JJ, (9th Dist) sitting by designation.

### OPINION

By DOYLE, J.

This is an action on appeal on questions of law from the Common Pleas Court of Stark County. It arose from an appropriation proceeding brought by the Muskingum Watershed Conservancy District, appellant herein, under favor of §11038, et seq., GC, against the appellees, Cullen T. Funk and Albertha Funk, owners of a farm acquired by said proceedings for the uses of the appellant, and others not here involved.

It appears from the record that a trial was had in the Common Pleas Court to determine preliminary jurisdictional questions as required by §11046, GC; that subsequent thereto the court found these jurisdictional matters in favor of the appellant, determining thereby that it had the right to appropriate the property of the appellees, and ordered a special venire of jurors to try the cause. A trial was held and the jury returned a verdict of $32,500 in favor of the appellees. There are twelve assignments of error, which may be grouped under the following general classifications:

1. The admission and rejection of evidence.
2. The verdict.
3. Special requests to charge and general charge of the court.
4. Misconduct of the jury and error in the court's rulings on the motion for a new trial.

The property appropriated was a farm of approximately 51 acres with buildings. The fee was subject to a sand and gravel lease in favor of Wm. G. and Elmer E. Clementz, as partners. By virtue of the terms of the lease, the lessees could remove sand and gravel underlying or upon any 25 acres of the entire farm, except within 200 feet of buildings, over a period of 5 years, on condition that they pay a royalty of two cents a 'on on washed sand and gravel taken. The lessees had the right of ingress and egress to the property and the right to erect on the premises machinery, bins and necessary equipment. There were no minimum royalty requirements, but the lease could be terminated

by the owners of the fee if no sand or gravel was removed for a period of one year.

The lessees of said sand and gravel lease were made parties in the original petition, but before trial the conservancy district settled with said lessees by entering into an agreement with them, subject to the acquiring by the district, by purchase or appropriation, the title of said owners of said premises, 'excepting lessors' right to receive royalties" under said lease. Said agreement provided that said lessees should retain their rights under said lease, except that the lessees should release and discharge from its operation a portion of said premises, to be used as a right of way for a railroad, and should so operate under said lease as not to injure or interfere with the construction of said railroad, and should operate under said lease subject to the changed conditions caused by the building of said railroad and the use of a part of said premises in the construction, maintenance and operation of a dam by said district, which included the use of a part of said premises "for flood water storage in connection with the maintenance and operation" of said dam.

Said agreement provided that during the remainder of the term of said lease said lessees should continue to pay the owners of said premises, for the sand and gravel removed, the price stipulated in said lease.

Said agreement also granted to said lessees an option to extend the term of said lease for another 5-year period, but did not provide that the owners of said premises should be paid for the sand and gravel removed during the period of such extension.

Said agreement contained the general provision that the "lessees shall be permitted to enter upon said leased premises and conduct thereon their sand and gravel business, subject to the terms and conditions of said lease as herein **modified, amended** and **supplemented."** (Emphasis ours).

After the district had so modified and amended said lease, reserving to said owners only the right to be paid for the sand and gravel taken out under the lease as so modified and amended, the district filed an amended petition against said owners only, seeking to appropriate all of their right, title and interest in said premises, except their right to be paid for sand and gravel taken out during the term of their lease.

The owners had a right to be paid for sand and gravel taken out under the then existing conditions, and said agreement rendered that impossible. That situation must be kept in mind in considering the errors claimed.

If an owner of a farm which contains sand and gravel, by contract of lease gives to another an option to purchase an uncertain quantity of such sand and gravel, at a price depending upon the quantity taken under the option, the sand and gravel in place belongs to the owner until severed from the property; and where the entire property is being appropriated, the owner has a right to have the sand and gravel then in place taken into consideration in determining the market value of the property appropriated.

If the appropriating party, by contract with the optionee under said lease and without the consent of the owner, materially changes the situation and conditions under which said option is to be exercised, and elects to appropriate all of the owner's interest in said property, reserving to said owner the right to be paid by said optionee for the sand and gravel taken under said option, the appropriating party has no just claim of prejudicial error because the court, after thoroughly explaining what is meant by market value, and limiting the inquiry to the property taken and excluding therefrom the owner's right to be paid for sand and gravel taken out under said option during the term of said lease, charged the jury as follows:

"The court thinks a fair method of arriving at the value in question would be to first determine the fair reasonable market value of the 51¾ acres standing without any consideration of lease, including everything connected with the farm, and then deduct therefrom the fair reasonable value of the leasehold interest, which the property owners have retained."

This is especially so where the court also charged the jury that—

"Now there has been some evidence in this case in regard to the value of sand, probably both as lying under the ground as well as after it has been removed. The court again wishes to caution the jury that (that) evidence is presented in order to help you arrive at the ultimate question which you must finally determine, and that is the value of this property which the plaintiff is taking. In no event after you have arrived at the valuation as the court has indicated, could you add an additional amount by reason of sand and gravel to be

removed. If that is of value  to you in determining the value of the land, it is to be included within that determination. In other words, that is one of the elements as a building, or had there been an orchard on the farm, it tends to go to show the value of the property itself."

Without further discussion of the claimed errors, but after a careful consideration of the same, we have reached the unanimous conclusion that, considering the whole record, including the charge of the court, there is no prejudicial error in the record of which the conservancy district has a right to complain.

The judgment will therefore be affirmed.

STEVENS, PJ, and WASHBURN, J, concur.